IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.

JOHN EDWARD CARTER

CRIMINAL ACTION NO.
1:25-cr-00366-TRJ-RGV

## ORDER

On January 5, 2026, Defendant John Edward Carter filed a motion to suppress the statements he made to law enforcement while they executed a search warrant at his home. (Doc. 17). After an evidentiary hearing and briefing, the Magistrate Judge recommended that the motion be denied because the interview was non-custodial, and Defendant's statements were voluntary. (Doc. 32). Defendant filed timely objections to the Magistrate Judge's Report and Recommendation ("R&R") on July 27, 2026. (Doc. 35). After a *de novo* review of the specific objections raised, Defendant's objections are **OVERRULED**.

## BACKGROUND

The Magistrate Judge recited the detailed factual background in this case, and the Court need not restate them here. Instead, the Court adopts the factual background stated in the R&R and notes the following additional facts identified in Defendant's objections here:

On the afternoon of January 24, 2022, the FBI, assisted by the Cobb County Sheriff's Office, executed a search warrant at Defendant's home. At the time of the search, Defendant was 78 years old and had some prior medical issues. When they

arrived, FBI agents parked their cars around the home. It took about 20 minutes to clear the home before the search, and during that time, Defendant and his wife were instructed to remain outside the home with FBI agents.

After the home was cleared, FBI agents escorted Defendant and his wife into their living room. They were later interviewed in separate rooms. Defendant was interviewed in his bedroom, and an FBI agent told him, "You're not under arrest right now; nothing is going on here; we're going to get out of here and leave this; I mean you're not in handcuffs; nothing is pressuring you if you decide you want to stop talking about it, then you just tell me." The interview was conversational, but the agent never explicitly told Defendant that he was free to leave. During the hour-long interview, Defendant was asked about his criminal history and about the CSAM images associated with his IP address. Defendant was not Mirandized during the interview.

## DISCUSSION

When a district court reviews an R&R, it "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which the objection is made." 28 U.S.C. § 636(b)(1). A party objecting to an R&R "must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)) (citation modified). If there are no specific objections made to factual findings made by the magistrate judge, there is no requirement that those findings

2

be reviewed *de novo*. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993). Ultimately, the district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1)(C), and may accept the recommendation if it is not clearly erroneous or contrary to the law. FED. R. CIV. P. 72(b)(3).

Defendant raises two objections to the R&R. First, he objects to the omission of certain facts in the R&R and identifies eight discrete facts that were not explicitly recited in the R&R. (Doc. 35 at 2–3). Defendant does not argue that the omission of these facts was material to the Magistrate Judge's recommendation, nor does he argue that the omission of such facts was error—in fact, Defendant advances no argument at all in support of his objection. The Court has reviewed these facts and finds that nearly every fact identified by Defendant either appears explicitly in the R&R, was summarized or paraphrased by the R&R, or was otherwise consistent with the Magistrate Judge's findings. Without any argument as to the materiality of each purportedly omitted fact, the Court finds no clear error as to the Magistrate Judge's recitation of the relevant facts in the R&R.

Second, Defendant objects to the Magistrate Judge's "legal conclusion that Mr. Carter was not in custody during the federal agents' interrogation." (Doc. 35 at 3). Defendant supports this objection by incorporating arguments from a post-hearing brief by reference and adding that the following facts support a finding that a reasonable person would have understood his freedom to be curtailed to a degree associated with a formal arrest: (1) Defendant was told that the agents were

3

executing a federal search warrant for his electronics; (2) his movements were restricted to standing next to a police vehicle or sitting in his living room during the lengthy search; (3) he was told he was under federal investigation and confronted with evidence, including that agents had verified certain CSAM images; (4) he was questioned about his criminal history; and (5) agents told him that criminal charges were forthcoming. (*Id.*)

The determination of whether a person is in custody for purposes of *Miranda* is a two-step process. The first step is to "ascertain whether, in light of 'the objective circumstances of the interrogation,' a 'reasonable person [would] have felt he or she was not at liberty to terminate the interrogation and leave.'" *United States v. Peck*, 17 F. Supp. 3d 1345, 1358–59 (N.D. Ga. 2014) (quoting *Stansbury v. California*, 511 U.S. 318, 322–23, 325 (1994) (per curiam); *Thompson v. Keohane*, 516 U.S. 99, 112 (1995)). As to this first step, relevant factors include the location of the questioning, its duration, statements made during the interview, the presence or absence of physical restraints during the questioning, and the release of the person at the end of the questioning. *Id.* at 1359 (collecting cases). However, this freedom-of-movement inquiry "identifies only a necessary and not a sufficient condition for *Miranda* custody." *Id.* (quoting *United States v. Shatzer*, 559 U.S. 98, 112–13 (2010) (holding that "lawful imprisonment imposed upon conviction of a crime does not create the coercive pressures identified in *Miranda*.")).

The second step of the analysis requires the Court to consider "whether the relevant environment presents the same inherently coercive pressures as the type of

station house questioning at issue in *Miranda*." *Id.* The Court must weigh the totality of the circumstances and consider factors like whether the person being questioned was isolated, and whether officers brandished weapons, touched the suspect, or used language or a tone that indicated compliance would be compelled. *Id.* at 1359–60 (quoting *Howes v. Fields*, 565 U.S. 499, 512–13 (2012) ("[I]solation may contribute to a coercive atmosphere by preventing family members, friends, and others who may be sympathetic from providing either advice or emotional support."); *United States v. Street*, 472 F.3d 1298, 1309 (11th Cir. 2006)). "No particular fact in the 'custody' analysis is outcome determinative." *Id.* at 1360 (cleaned up).

Defendant's incorporation of prior briefing by reference lacks the specificity necessary to trigger *de novo* review. *United States v. Sanchez-Rios*, No. 1:19-cv-00419-JPB, 2022 WL 4000361, at *1 (N.D. Ga. Sep. 1, 2022). As to the additional argument raised by Defendant, after a *de novo* review, the Court finds no error in the Magistrate Judge's conclusion that the interview was non-custodial. First, the fact that Defendant's movement was limited to standing near a police vehicle and sitting in his own living room is not dispositive. Though his movements were restricted, he was still in a relatively familiar environment inside or near his home. Defendant was not isolated in either space, and there is no evidence that any officer brandished weapons, touched Defendant, or used coercive language either outside the home or in the living room. *See Peck*, 17 F. Supp. 3d at 1362–63 (though the defendant was grabbed and taken outside with his hands held behind his back for five minutes while the house was secured, the subsequent interview was non-custodial) (citing *United*

*States v. Thomas*, 193 F. App'x 881, 886 (11th Cir. 2006) (no custody where the defendant was initially handcuffed but the handcuffs were removed when the defendant was questioned, and she was told she was not under arrest); *United States v. Blackman*, 66 F.3d 1572, 1576 (11th Cir. 1995) (noting that "the fact that police handcuff the person . . . does not, as a matter of course, transform an investigatory stop into an arrest")).

The remaining facts identified in Defendant's objection all involve statements by law enforcement to Defendant about their investigation of the crime at issue and his criminal history. Defendant fails to articulate why these conversational, non-accusatory statements by law enforcement transformed the interview into a custodial interrogation. Nonetheless, it is well-settled that even accusatory questioning with strong language is insufficient to render an interrogation custodial. *Peck*, 17 F. Supp. 3d at 1364 (where law enforcement accused the suspect of distributing child pornography, questioned whether he had sex with his 14-year-old daughter, commented that "God help" the suspect if the children in the videos were American, and admonished the suspect that false statements to law enforcement are a crime, interview was not custodial) (collecting cases). Considering these facts along with all of the other circumstances of the interview, Defendant has not shown that his interview was custodial for purposes of *Miranda.* Therefore, the objection is overruled.

### CONCLUSION

After a *de novo* review of Defendant's specific objections, the Court **OVERRULES** Defendant's objections (Doc. 35) to the R&R. In addition to its findings

and conclusions in this Order, the Court **ADOPTS** the findings and conclusions in the R&R (Doc. 32) as the opinion and order of the Court. Defendant's motion to suppress his statements (Doc. 17) is **DENIED**.

SO ORDERED, this 6th day of August, 2026.

_____
TIFFANY R. JOHNSON
United States District Judge